IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY STURSBERG**, <br><br> Plaintiff, <br><br> *v.* <br><br> **MORRISON SUND, PLLC, et al.,** <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 20-1635-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                                    **April 6, 2022**

Plaintiff Henry Stursberg has sued his former law firm, Defendant Morrison Sund, PLLC,

for abuse of process and wrongful use of civil proceedings.  (Doc. No. 1.)  Presently before the

Court is Morrison Sund's Motion to Dismiss the Complaint.  (Doc. No. 6.)  For the reasons

discussed below, the Court grants Morrison Sund's motion and transfers this case to the District

of Minnesota.

## I.     Background

The current dispute transpired after Plaintiff and Defendant's attorney-client relationship

soured, resulting in contentious and ongoing litigation in Minnesota state court and in this Court

between the parties.  Because the Court writes only for the parties, we rely on the facts outlined

at length in this Court's prior Memorandum in the initial lawsuit that Stursberg initiated against

Defendant and one of its attorneys, Matthew Burton.  *See Stursberg v. Morrison Sund, PLLC*,

Civil Action No. 20-1635-KSM, 2020 WL 7319546 (E.D. Pa. Dec. 11, 2020).  Therefore, the

Court only addresses the procedural history in its recitation of the relevant background below.

On March 26, 2020, Stursberg filed a complaint in this District against Morrison Sund

and Matthew Burton.  (Civil Action No. 20-1635, Doc. No. 1.)  Stursberg brought six claims

against Morrison Sund and Burton: abuse of process (Count I), wrongful use of civil proceedings

(Count II), intentional infliction of emotional distress ("IIED") (Count III), intentional

interference with existing and prospective contractual relations (Count IV), breach of

contract/malpractice (Count V), and credit defamation (Count VI).  (*Id.*)  Morrison Sund and

Burton moved to dismiss the complaint for insufficient service of process under Federal Rule of

Civil Procedure 12(b)(5), for lack of personal jurisdiction under Federal Rule of Civil Procedure

12(b)(2), and for improper venue.  (Civil Action No. 20-1635, Doc. No. 2-2.)  Stursberg opposed

the motion.  (Civil Action No. 20-1635, Doc. No. 6.)

On December 11, 2020, this Court granted Morrison Sund and Burton's motion to

dismiss for insufficient service of process.  *See Stursberg*, 2020 WL 7319546, at *6 ("[W]e . . .

have no choice but to grant Defendants' motion as to insufficient service, given that Stursberg

did not offer us any proof that Tessier was authorized to accept service.").  Although we

recognized that we had the discretion to allow Stursberg to attempt to re-serve, we exercised our

discretion to dismiss the complaint, in light of our analysis on the personal jurisdiction and venue

arguments.  *Id.* at *7.  We then explained that we could not exercise personal jurisdiction over

Stursberg's breach of contract, IIED, intentional interference with existing and prospective

contractual relations, and credit defamation claims and granted the motion to dismiss as to those

claims.  *Id.* at *10–15.  However, because we found that Stursberg had shown that we could

exercise personal jurisdiction over his abuse of process and wrongful use of civil proceedings

claims, *see id.*, we turned to Morrison Sund and Burton's arguments that venue over those claims

was improper in this District.  We concluded that venue in this District was improper because

that a substantial portion of the omissions or events giving to those causes of action occurred in

Minnesota, not this District, and dismissed the remainder of Stursberg's claims. *Id.* at *16–18.

Shortly thereafter, Stursberg filed a motion to reconsider, which this Court denied. *See Stursberg v. Morrison Sund, PLLC*, Civil Action No. 20-1635-KSM, 2021 WL 288899 (E.D. Pa. Jan. 28, 2021).

Less than a month later, on February 23, 2021, Stursberg filed a new complaint—the complaint currently at issue—this time against Morrison Sund only (and not Burton). (Civil Action No. 21-825, Doc. No. 1.) In his complaint, Stursberg reiterated much of his prior allegations and asserted the same two causes of action that this Court had previously dismissed for improper venue: abuse of process (Count I) and wrongful use of civil proceedings (Count II). (*Id.*)

Morrison Sund has filed a motion to dismiss, arguing that *res judicata* barred the complaint because a March 16, 2021 judgment in a Minnesota action between the parties constituted a final judgment, barring Stursberg's claims; that *res judicata* bars the complaint because the bankruptcy court's final judgment; that the complaint must be dismissed for improper venue because Morrison Sund does not have the capacity to sue under Pennsylvania law; that to the extent venue is proper, the case should be transferred to the District of Minnesota; and that federal bankruptcy law preempts Stursberg's state law claims. (Doc. No. 6.) Stursberg opposes the motion. (Doc. No. 12.)

Because we determine that transfer to the District of Minnesota is appropriate, we only address Morrison Sund's venue arguments below.

## II.     Discussion

In its motion, Morrison Sund argues that venue is improper under 28 U.S.C. § 1391(b) because a substantial part of the events or omission giving rise to Stursberg's claims did not

3

occur in the Eastern District, nor does Morrison Sund reside in this District.  (*See* Doc. No. 6 at

18–20.)

> Section 1391(b) provides:
>
> A civil action may be brought in (1) a judicial district in which any
> defendant resides, if all defendants are residents of the State in which the
> district is located; (2) a judicial district in which a substantial part of the
> events or omissions giving rise to the claim occurred, or a substantial part
> of property that is the subject of the action is situated; or (3) if there is no
> district in which an action may otherwise be brought as provided by this
> section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

For the reasons discussed in this Court's prior Memorandum, the Court agrees with Morrison

Sund that a substantial part of the events or omissions giving rise to Stursberg's abuse of process

and wrongful use of civil proceedings claims did not occur in this District.  *See Stursberg*, 2020

WL 7319546, at *16–18; *see also id.* at *17 ("We are persuaded by these cases and observe that

Stursberg's abuse of process and wrongful use of civil proceeding claims do not arise out of any

legal proceeding in the Eastern District of Pennsylvania—rather, they arise out of a bankruptcy

petition that he alleges was wrongfully filed in the United States Bankruptcy Court for the

District of Minnesota, to collect legal fees that Defendants incurred while representing Stursberg

in a Minnesota action.").

Thus, the Court turns to Morrison Sund's argument that Morrison Sund cannot be

deemed to reside in this District for purposes of § 1391(b)(1) because Morrison Sund is an entity

that cannot be sued in Pennsylvania.  (*See* Doc. No. 6 at 18–19.)  Morrison Sund relies on 28

U.S.C. § 1391(c)(2), which provides:

> For all venue purposes, an entity *with the capacity to sue and be sued* in its
> common name under applicable law, whether or not incorporated, shall be
> deemed to reside, if a defendant, in any judicial district in which such
> defendant is subject to the court's personal jurisdiction with respect to the

civil action in question[.]

(emphasis added).  Federal Rule of Civil Procedure 17(b) addresses whether a party has the

capacity to sue or be sued.  Pursuant to Rule 17(b), the capacity to sue or be sued for individuals

is determined by the law of that person's domicile and for corporations, it is determined by the

law under which the corporation is organized.  Fed. R. Civ. P. 17(b)(2).  But for all other parties,

the capacity to sue or be sued is determined by the law of the state where the court is located.

Fed. R. Civ. P. 17(b)(3).  *Cf. Shamblin v. Chesapeake Energy Corp.*, Civil Action No. 3:12-CV-

0089, 2012 WL 1902580, at *3 (M.D. Pa. May 25, 2012) ("Rule 17 does not specifically address

a limited liability company's capacity to sue or be sued, but Rule 17(b)(3) states that for parties

that are not individuals or corporations, capacity is determined 'by the law of the state where the

court is located.'  Because limited liability corporations are neither individuals nor corporations,

the law of the forum state—here, Pennsylvania—applies to determine Yost, LLC's capacity to be

sued.").

Morrison argues that Pennsylvania law applies here because it is a PLLC, not a

corporation, and that under Pennsylvania law, it cannot sue in Pennsylvania because it is not

registered to do business in Pennsylvania.  (*See* Doc. No. 6 at 18 (citing Rule 17(b)(2) and 15 Pa.

Stat. Cons. § 411, noting that "in Pennsylvania, a foreign filing association or foreign limited

liability partnership may not do business in Pennsylvania until it registers from the department");

*see also id.* at 19 ("By operation of Fed. R. Civ. P. 17(b)(2)'s directive, state law controls

determinations of the legal capacity to sue.  Under Pennsylvania law, since Morrison Sund is not

a registered corporate entity, it has no capacity to sue in the Commonwealth.").)  In turn,

Morrison Sund argues that because it cannot sue in Pennsylvania, it cannot be deemed to reside

in this District under the venue statute's definition of "residency."  (*Id.* at 19.)

In his response, Stursberg fails to address this argument entirely.  (*See* Doc. No. 12 7–8

5

(failing to address § 1391(c)'s residency definition and Morrison Sund's argument that it cannot sue in Pennsylvania).)  Stursberg does not address whether Morrison Sund is an entity other than a corporation, nor does it address whether Morrison Sund has the capacity to sue in Pennsylvania.  Rather, Stursberg focuses exclusively on the portions of § 1391(c) and § 1391(d) (the statute defining the residency of corporations in States with multiple districts) that pertain to personal jurisdiction.  (*See* Doc. No. 12 at 6–10; *see also id.* at 6 ("Having found that Morrison [Sund] is subject to personal jurisdiction as to Counts I and II in this district, the plain language of the venue statute requires a finding that venue also is proper over those Counts as well.").)

Because Stursberg fails to address the substance of Morrison Sund's argument (i.e., that it cannot sue in Pennsylvania and therefore does not reside in this District under § 1391(c)), the Court finds that Stursberg has waived the issue.  *See, e.g.*, *Daugherty v. Adams*, Civil Action No. 17-368, 2019 WL 7987859, at *13 (W.D. Pa. Nov. 15, 2019) ("Here, because Plaintiffs had an opportunity to respond to the substance of the arguments briefed by Defendants, to the extent Plaintiffs have failed to do so, the Court should deem those arguments waived.").

Assuming then that venue is improper in the Eastern District, the Court finds that transfer is appropriate under 28 U.S.C. § 1406 because Morrison Sund resides in Minnesota and a substantial portion of the events underlying Stursberg's causes of action occurred there.  *See* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In the alternative, assuming that venue is proper in the Eastern District, this Court grants Morrison Sund's motion to transfer the action to the District of Minnesota under § 1404(a).  *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013)

6

(noting that § 1404(a) "permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation"). A review of the private and public interest factors shows that transfer to the Northern District of Illinois is also in the interest of justice. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (outlining the public and private interest factors that must be considered before a case is transferred pursuant to § 1404(a)).

As to the private interest factors: Stursberg's stated preference is the Eastern District of Pennsylvania, while Morrison Sund's stated preference is the District of Minnesota; however, the Court notes that in a state court action, *1648 Properties, LLC and Henry Stursberg v. Morrison Sund, PLLC*, Stursberg brought suit in Minnesota. Stursberg's abuse of process and wrongful use of civil proceedings claims arose in Minnesota—the place in which Morrison Sund filed an involuntary bankruptcy proceeding against Stursberg. *See Stursberg*, 2020 WL 7319546, at *17 (holding "that Stursberg's abuse of process and wrongful use of civil proceeding claims do not arise out of any legal proceeding in the Eastern District of Pennsylvania—rather, they arise out of a bankruptcy petition that he alleges was wrongly filed in the United States Bankruptcy Court for the District of Minnesota, to collect legal fees that Defendants incurred while representing Stursberg in a Minnesota action"). The District of Minnesota is more convenient for Morrison Sund since its witnesses, employees, and records are located there, while the Eastern District of Pennsylvania is more convenient for Stursberg, who lives here. However, as Morrison Sund notes, Stursberg's financial and physical condition does not appear to be prohibitive to his litigating in the District of Minnesota, as he does business in Minnesota, and has indeed pursued a state court action there. As for the convenience of witnesses, Morrison Sund argues that the witnesses would be outside the subpoena power of the Eastern District. (Doc. No. 6 at 21.) To

the extent Morrison Sund is referring to its own employees or agents (as currently stated, it is

ambiguous), the Court agrees with Stursberg that reduces the inconvenience.  However, the

Court notes that there may be witnesses in Minnesota other than Morrison Sund's employees

(e.g., those involved with the involuntary bankruptcy petition outside of Morrison Sund's firm)

and thus, there may be third party witnesses located in either state.  As to the books and records,

the Court finds this factor is neutral, since neither party asserts the files cannot be produced in

the alternative fora.

As to the public interest factors, the administrative difficulty in the two fora resulting

from court congestion weighs against transfer.  *See* U.S. Dist. Cts. Nat. Judicial Caseload Profile

(Dec. 31, 2021), available at

https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf (most

recent National Judicial Caseload Profile showing that there are 9,892 pending cases in the

Eastern District (about 450 cases per Judge), and 8,041 pending cases in the District of

Minnesota (about 1,149 cases per Judge)).  The local interest in deciding local controversies at

home factor weighs heavily in favor of transfer, since the dispute involves an involuntary

bankruptcy petition filed in Minnesota, by a Minnesota-based law firm, and the underlying

dispute leading to the involuntary bankruptcy petition involved Minnesota properties.  The

remaining public interest factors—the enforceability of the judgment, practical considerations

that could make the trial easy, expeditious, or inexpensive, and the familiarity of the trial judge

with the applicable state law—are neutral.

Taken together, the Court finds that the public and private factors weigh in favor of

transfer to the District of Minnesota.

Because the Court finds that transfer is proper under either §§ 1406 or 1404, we do not

address Morrison Sund's *res judicata* or preemption arguments.

## III.    Conclusion

For the foregoing reasons, the Court grants Defendant's motion and transfers this action to the District of Minnesota.

An appropriate order follows.